**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**CALVIN HORTON,**

     **Petitioner,**

                                 **CASE NO. 2:07-cv-525**

     **v.**                              **JUDGE HOLSCHUH**

                                     **MAGISTRATE JUDGE KING**

**WARDEN, ROSS CORRECTIONAL
INSTITUTION,**

     **Respondent.**

**OPINION AND ORDER**

On January 9, 2006, the Magistrate Judge issued a *Report and Recommendation* recommending that the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254 be dismissed as barred by the one-year statute of limitations under 28 U.S.C. §2244(d). Petitioner has filed objections to the Magistrate Judge's *Report and Recommendation*. After *de novo* review of the record and the *Report and Recommendation, see* 28 U.S.C. §636(b), petitioner's objections are **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED.**

Petitioner acknowledges that his habeas corpus petition is untimely, but nonetheless contends that equitable tolling of the statute of limitations is appropriate, or that his habeas corpus petition is timely under 28 U.S.C. §2244(d)(1)(B),[1] because he relied on erroneous

---

[1] 28 U.S.C. §2244(d)(1)(B) provides:

A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of –

advice of the Ohio Public Defender who was reviewing his case and told him that he had until June 6, 2007, to file his habeas corpus petition.  Additionally, petitioner contends that his habeas corpus petition is timely due to his pro se status and limited access to legal materials.  *See Objections, Exhibits to Objections*.  In support of these allegations, petitioner has attached letters he received from the Ohio Public Defender 's Office dated March 26, 2007, April 2, 2007, and May 21, 2007.  These letters advised petitioner that June 6, 2007, was petitioner's deadline for filing his federal habeas corpus petition and that he "should not mail anything related to federal habeas to either the clerk's office or the attorney general" until the Ohio Public Defender's Office had determined whether to accept petitioner's case.  *See id.*  In a letter dated May 21, 2007, the assistant public defender advised petitioner that the Office of the Ohio Public Defender would not assist him with his federal habeas corpus petition.  *See id.*  Petitioner executed his habeas corpus petition shortly thereafter, on June 1, 2007.

"[P]etitioner bears the ... burden of persuading the court that he or she is entitled to equitable tolling." *Griffin v. Rogers,* 308 F.3d 647, 653 (6th Cir. 2002).  Equitable tolling should be applied only sparingly. *Cook v. Stegall,* 295 F.3d 517, 521 (6th Cir. 2002); *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.,* 209 F.3d 552, 560 (6th Cir. 2000) (citations omitted). "Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's

---

the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action[.]

control." *Id.* at 560-61.

> The Supreme Court has explained that "[w]e have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990). However, "[w]e have generally been much less forgiving ... where the claimant failed to exercise due diligence in preserving his legal rights." *Id.; cf. Baldwin County Welcome Ctr. v. Brown,* 466 U.S. 147, 151, 104 S .Ct. 1723, 80 L.Ed.2d 196 (1984) ("One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence.").

*Jurado v. Burt,* 337 F.3d 638, 642-43 (6th Cir. 2003). In order to determine whether to equitably toll the statute of limitations, the Court must consider the following five factors:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Id.,* at 643, citing *Dunlap v. United States,* 250 F.3d 1001, 1008 (6th Cir. 2001). Upon consideration of the foregoing, the Court concludes that the record fails to reflect that equitable tolling of the statute of limitations is appropriate.

At the time petitioner was convicted and sentenced, *i.e.,* June 5, 2003, the statute of limitations in habeas corpus cases had long been in effect, and it would not have been reasonable for petitioner to remain ignorant of the filing requirement for federal habeas

3

corpus cases. There is no reason to conclude that petitioner did not have constructive knowledge of the one-year filing requirement. Lack of actual notice, and "ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing." *Fisher v. Johnson,* 174 F.3d 710, 714-15 (5th Cir. 1999); *see also United States v. Baker,* 197 F.3d 211, 218 (6th Cir. 1999); *Rose v. Dole,* 945 F.2d 1331, 1335 (6th Cir. 1991).

> Even those not versed in the law recognize the centuries-old maxim that "ignorance of the law is no excuse." This maxim, deeply embedded in our American legal tradition, reflects a presumption that citizens know the requirements of the law. The benefits of such a presumption are manifest. To allow an ignorance of the law excuse would encourage and reward indifference to the law. Further, the difficulty in proving a defendant's subjective knowledge of the law would hamper criminal prosecutions.

*United States v. Baker, supra,* 197 F.3d at 218. Further,

> [t]he Court of Appeals for the Sixth Circuit has explicitly held that a statute of limitations should not be equitably tolled merely because a Petitioner received erroneous advice from his attorney. See *Allen v. Yukins,* 366 F.3d 396, 403 (6th Cir. 2004), *cert. denied,* --- U.S. ----, 125 S.Ct. 200, 160 L.Ed.2d 109 (2004) ("a petitioner's reliance on the unreasonable and incorrect advice of his or her attorney is not a ground for equitable tolling" ); *Jurado v. Burt,* 337 F.3d 638, 644 (6th Cir. 2003) ("Generally, 'a lawyer's mistake is not a valid basis for equitable tolling.'"); *see also Johnson v. Hendricks,* 314 F.3d 159, 163 (3rd Cir. 2002); *Miranda v. Castro,* 292 F.3d 1063, 1066-67 (9th Cir. 2002); *Helton v. Department of Corrections,* 259 F.3d 1310, 1313 (11th Cir. 2001); *Harris v. Hutchinson,* 209 F.3d 325, 331 (4th Cir. 2000).

*Phillips v. United States*, 2005 WL 3107727 (W.D. Michigan November 18, 2005). *See also Solomon v. United States*, 467 F.3d 928, 942 (6th Cir. 2006); *Whalen v. Randle,* 37 Fed.Appx. 113, 120, unpublished, 2002 WL 409113 (6th Cir. March 12, 2002); *Kreutzer v. Bowersox*, 231 F.3d

4

460, 463 (8th Cir. 2000).  Moreover, the record does not reflect that petitioner was diligent in pursuing his claims.

The Ohio Supreme Court dismissed petitioner's direct appeal on June 29, 2005.  *State v. Horton*, 106 Ohio St.3d 1415 (2005).  On March 8, 2006, the Ohio Supreme Court dismissed petitioner's Ohio Appellate Rule 26(B) appeal.  *State v. Horton*, 108 Ohio St.3d 1490 (2006).  The statute of limitations therefore expired one year later, on March 8, 2007; however, the first letter petitioner received from the Ohio Public Defender's Office is dated March 26, 2007, *i.e.,* after the statute of limitations had already expired.  Petitioner does not indicate the date on which he first contacted the Office of the Ohio Public Defender, nor does he explain any delay in this regard.  Finally, respondent certainly will suffer some prejudice, if only in terms of time and expense, if the Court were to toll the running of the statute of limitations in this case.

Petitioner's argument that he was prevented from filing a timely habeas corpus petition by the Ohio Public Defender or inadequate access to legal materials likewise fails. Petitioner had no right to the assistance of counsel in filing his federal habeas corpus petition, *see Pennsylvania v. Finley,* 481 U.S. 551, 555 (1987), and any actions by the Ohio Public Defender's Office, which has never represented petitioner in these proceedings, simply did not rise to the level of a State-created impediment within the meaning of 28 U.S.C. 2244(d)(1)(B).

> Nowhere in the record has the petitioner alleged that state
> officials, or anyone else for that matter, in any way physically

> impeded his ability to speak with others outside the prison about his case or to file the instant action in a timely manner. The petitioner states that he has spent a great deal of time in segregation with limited access to a prison law library. These are conditions, however, that are typical for many prisoners and do not rise to the level of exceptional circumstances. In short, the untimely filing of this action is attributable to the petitioner's pro se status and ignorance of the law. These circumstances, though, are not sufficient to warrant equitable tolling.

*Groomes v. Parker*, 2008 WL 123935 (M.D. Tenn. January 9, 2008), citing *Allen v. Yukins, supra; Baker v. Norris,* 321 F.3d 769, 771-772 (8th Cir. 2003); *see also Maclin v. Robinson*, 74 Fed.Appx. 587, unpublished, 2003 WL 22089274 (6th Cir. September 8, 2003)(limited access to prison law library does not constitute state created impediment under 28 U.S.C. §2244(d)(1)(B)).  There is no evidence to suggest that the Ohio Public Defender's Office prevented petitioner from filing a timely habeas corpus petition.  Similarly, the record is without support for petitioner's allegation that his inadequate or limited access to legal materials either prevented him from timely filing his habeas corpus petition or constitutes grounds for equitable tolling of the statute of limitations in this case.

> The alleged denial of access to legal materials is not an exceptional circumstance warranting equitable tolling. *Grayson v. Grayson,* 185 F.Supp.2d 747, 751 (E.D.Mich. 2002).

*Barnett v. Birkett,* 2002 WL 31748843 (E.D. Michigan November 26, 2002).  *See also Rucker v. Bell*, 2008 WL 56025 (E.D. Tenn. January 3, 2008), citing *Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000); *Scott v. Johnson*, 227 F.3d 260, 263 n. 3 (5th Cir. 2005); *Miller v.. Marr,* 141 F.3d 976, 978 (10th Cir. 1998).

For all the foregoing reasons, petitioner's objections are **OVERRULED.**  The *Report and Recommendation* is **ADOPTED** and **AFFIRMED.**  This action is hereby **DISMISSED** as barred by the one-year statute of limitations under 28 U.S.C. §2244(d)**.**

The Clerk shall enter **FINAL JUDGMENT** in this action**.**

Date: March 11, 2008                                    **/s/ John D. Holschuh**
                                                        JOHN D. HOLSCHUH
                                                        United States District Judge