IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

CALVIN HORTON,

    Petitioner,

vs.                              Civil Action 2:07-cv-525
                                 Judge Sargus
                                 Magistrate Judge King

MICHAEL SHEETS,

    Respondent.

## OPINION AND ORDER

Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on June 5, 2007. On March 11, 2008, this Court dismissed the action as untimely. Opinion and Order, Doc. No. 10; Judgment, Doc. No. 11. That dismissal was affirmed by the United States Court of Appeals for the Sixth Circuit. *Horton v. Sheets*, No. 08-3350 (6th Cir. June 11, 2009); see Doc. No. 17. This matter now is before the Court on Petitioner's August 23, 2012, motion to reconsider the dismissal of the action. *Motion for Reconsideration*, Doc. No. 19. For the reasons that follow, Petitioner's motion is **DENIED**.

Petitioner's motion invokes Rule 60(b) of the Federal Rules of Civil Procedure, which provides:

> Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;

> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Petitioner seeks relief from judgment under Rule 60(b)(6). His motion may properly be considered because Petitioner argues that this Court's dismissal of his habeas corpus petition as time-barred was erroneous. *See Gonzalez v. Crosby*, 545 U.S. 524, 532 n. 4 (2005).

Petitioner contends that relief from final judgment is warranted in light of two decisions issued by the United States Supreme Court since the dismissal of this action. *Martinez v. Ryan*, – U.S. –, 132 S.Ct. 1309 (2012)(where a State requires a prisoner to raise a claim of ineffective assistance of trial counsel in collateral proceedings, cause for the procedural default of that claim may be established where no attorney is appointed or where appointed counsel is ineffective under the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984)); *Holland v. Florida*, – U.S. –, 130 S.Ct. 2549 (2010)(gross negligence of attorney in failing to timely file habeas corpus petition may constitute extraordinary circumstances justifying equitable tolling of the statute of limitations). Petitioner argues that the Ohio Public Defender prevented him from filing a timely habeas corpus petition because

personnel from that office, which was in possession of Petitioner's paperwork, mis-advised him as to the date on which the applicable statute of limitations expired. Petitioner also contends that his lack of education and *pro se* status prevented from timely filing his habeas corpus action. *Motion for Relief from Judgment*.

Petitioner presented the facts underlying his current arguments to this Court in his objections to the *Report and Recommendation*. *Objection*, Doc. No. 9. This Court rejected Petitioner's arguments and declined to equitably toll the running of the statute of limitations. *Opinion and Order*, Doc. No. 10. However, this Court also granted a certificate of appealability on the issue of timeliness of the action. *Opinion and Order*, Doc. No. 13. The United States Court of Appeals for the Sixth Circuit expressly rejected Petitioner's arguments, including his argument that the statute of limitations should be equitably tolled. Doc. No. 17. Assuming, *arguendo,* that Petitioner's motion is not barred by the law of the case doctrine, which ordinarily precludes a court from re-examining issues previously decided by a higher court in the same case, *see Bowling v. Pfizer, Inc.*, 132 F.3d 1147, 1150 (6th Cir. 1998), his motion is in any event untimely. A motion filed under Rule 60(b)(6) must be filed within a "reasonable time." Petitioner, however, waited more than two years after the Supreme Court issued its decision in *Holland* to file his motion for reconsideration. Moreover, Petitioner fails to explain this delay.

Furthermore, Petitioner has failed to articulate any basis justifying relief. Rule 60(b)(6) requires a showing of "exceptional or extraordinary circumstances." *Taylor v. Streicher,* 469 Fed. Appx. 467,

3

468 (6th Cir. 2012); *West v. Bell*, 3:01-cv-91, 2010 WL 4363402, at *4 (E.D. Tenn. Oct. 27, 2010)(citing *Gonzalez v. Crosby*, 545 U.S. 524 (2005)). Such circumstances rarely occur in habeas corpus cases. *Gonzalez v. Crosby*, 545 U.S. at 535. Additionally, under Rule 60(b)(6), a claim of simple legal error, unaccompanied by extraordinary and exceptional circumstances, is not cognizable. *West v. Bell*, 2010 WL 4363402, at *4 (citing *Gonzalez v. Crosby*, 545 U.S. at 535)). A change in federal decisional law, by itself, does not warrant relief under Rule 60(b)(6). *Thompson v. Bell*, 580 F.3d 423, 43 (6th Cir. 2009)(citing *Blue Diamond*, 249 F.3d at 524 and *Gonzalez v. Crosby*).

In any event, nothing in *Holland*, referred to by Petitioner in support of his motion, would alter this Court's dismissal of Petitioner's habeas corpus petition as untimely. In *Holland*, the Supreme Court remanded the case for consideration of whether equitable tolling of the statute of limitations was warranted where the attorney for the petitioner refused to apprise the petitioner about the status of his case or to communicate with the petitioner for several years despite numerous requests by the petitioner, who had filed a bar complaint against the attorney and had attempted to discharge that attorney. No such circumstances are present here.

**WHEREUPON**, Petitioner's *Motion for Reconsideration*, Doc. No. 19, is **DENIED**.

8-30-2012
Date

Edmund A. Sargus, Jr.
United States District Judge

4